UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM MCKINLEY BRIGHT (2),<br><br>Defendant. | Case No.:  17-CR-0270-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF NO. 515]** |

## I.   INTRODUCTION

Pending before the Court is Defendant William McKinley Bright's ("Mr. Bright" or "Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ("Mot.", ECF No. 515).  Mr. Bright seeks a reduction of his term of imprisonment on the basis of (1) his medical conditions and, the related risk of exposure to COVID-19, and (2) his prior experience contracting COVID-19. (*Id.*).  The United States of America (the "Government") opposes the motion.  ("Opp'n", ECF No. 527).  Having carefully considered the motion and arguments as set forth below, Mr. Bright's motion is **DENIED**.

///

///

///

## II. PROCEDURAL BACKGROUND

On March 9, 2022, Mr. Bright, proceeding *pro se*, filed a compassionate release motion pursuant to 18 U.S.C. § 3582(c)(1)(A), citing primarily his asthma and prior experience contracting COVID-19. (Mot. at 1). On May 12, 2022, the Government filed a response in opposition to Mr. Bright's motion. (Opp'n at 1). The Government argues that Mr. Bright's underlying medical condition is being monitored and adequately treated while incarcerated in the Bureau of Prisons ("BOP"). (*Id.*). Moreover, because all inmates have the opportunity and access to COVID-19 vaccinations, the Government asserts that Mr. Bright's argument is without merit. (*Id.*).

## III. LEGAL STANDARD

Under § 3582, as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal, a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). Though the relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons", after the Ninth Circuit's ruling in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), the policy statement is considered informative but not binding.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

A court may consider a motion for reduction of an imprisonment sentence term "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A).  On March 9th, 2022, Mr. Bright submitted an electronic request for compassionate release with the Warden of FCI Victorville, where Mr. Bright is presently incarcerated. (Mot. at 1). That request was subsequently denied on May 12th, 2022. (Mot. at 4).  Section § 3582(c)(1)(A)'s administrative exhaustion requirement "must [be] enforce[d] . . .  when the government properly invokes the requirement." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). For purposes of responding to Defendant's motion, the Government "[a]ssum[ed], without conceding" that Mr. Bright satisfied the mandatory administrative exhaustion requirement (Opp'n at 7).  However, the Court finds that simply stating the Government does not concede that Mr. Bright satisfied the administrative exhaustion requirement, without any further argument, does not amount to an invocation of that argument.

Accordingly, the Court assumes, without deciding, that Mr. Bright has exhausted his administrative remedies and proceeds to review the request on the merits.  *See, e.g., United States v. Andrews*, No. 7:16-CR-30-D, 2020 WL4939115, at 2 (E.D.N.C. Aug. 24, 2020).

### B. Defendant Has Failed to Carry His Burden to Demonstrate Extraordinary and Compelling Reasons Warranting Reduction

To be eligible for compassionate release, Mr. Bright must demonstrate that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent [with] applicable policy statements" issued by the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Although the statute does not define "extraordinary and compelling circumstances," the U.S. Sentencing Commission has identified four categories of situations that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A). In Application Note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release for a medical condition:

  (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required[.]

  (ii) The defendant is—
    (I) suffering from a serious physical or medical condition,
    (II) suffering from a serious functional or cognitive impairment, or
    (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G., application note, § 1B1.13(1)(A). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D).  The Court treats these guidelines as informative, but not binding, pursuant to *Aruda*.

  Mr. Bright argues that previously contracting COVID-19, prison conditions, his underlying health conditions and his age, are extraordinary and compelling reasons warranting relief. (Mot. at 1).  Each basis for relief will be discussed in turn.

  **a. Mr. Bright's Medical Conditions, Singularly and Combined, Do Not Qualify As Extraordinary And Compelling.**

  First, Mr. Bright argues that his previous COVID-19 diagnosis and continuing symptoms warrants relief.  Specifically, Mr. Bright claims he is experiencing a lack of energy, weight loss, blurry vision, and is unable to breathe normally after contracting COVID-19 in 2020.  (Mot. at 1).  Mr. Bright expresses concern that he is at an increased risk of suffering severe symptoms or death if he were to contract COVID-19 again.  (*Id*. at 2).  However, neither Mr. Bright's diagnosed asthma, physical condition[1], nor his general concerns of re-contracting COVID-19 are a basis for granting the instant motion.

---

[1] The Government correctly argues that Mr. Bright's PSR stipulates he has managed diabetes. Mr. Bright has been prescribed Glipizide and Actos. Mr. Bright does not raise diabetes as a basis for his compassionate release motion and thus the Courts will not discuss it.

While the Court recognizes Mr. Bright's asthma condition, Mr. Bright's asthma continues to be adequately treated with a prescribed Albuterol inhaler. ("PSR" at 27). Courts have continuously denied compassionate release where defendants bring claims based on their asthma alone, especially where it is adequately treated by the BOP. *See, e.g.*, *United States v. Goode*, No. CR-10-117-02, 2020WL 6445930, at 4 (E.D. Pa. Nov. 2, 2020) (holding that "the danger COVID-19 presents to [Defendant], an individual with asthma, is not an "extraordinary and compelling" reason sufficient to justify granting early release).

Moreover, Mr. Bright has not provided the Court with any documents that categorizes his asthma as moderate to severe. The Centers for Disease Control and Prevention ("CDC") reports that people with *moderate to severe* asthma are at higher risk and are "more likely to be hospitalized from COVID-19". *CDC and Prevention*, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html. Several courts have accordingly denied compassionate release claims based on asthma where the record does not demonstrate that the condition is moderate to severe. *See e.g.*, *Woolem v. United States*, No. 13-00471 SOM, 2020 WL2820140, at 5 (D. Haw. 2020); *United States v. Barrett*, No. 16-CR-1831-BEN, 2022 WL2079314, at 2 (S.D. Cal. June 9, 2022).

Furthermore, the lingering symptoms from which Mr. Bright suffers do not equate to "a serious physical or mental condition… that substantially diminishes the ability [of Mr. Bright] to provide self-care within the environment of a correctional facility and from which he…is not expected to recover." *United States v. Eberhart*, 448 F. Supp. 3d 1086,1090 (N.D. Cal. 2020).

The conditions asserted by Mr. Bright fall short of extraordinary and compelling, especially when considered in light of Mr. Bright's refusal to vaccinate and present prison conditions, discussed further below.

**b. Mr. Bright's Age is Not an Extraordinary and Compelling Circumstance**

Second, Mr. Bright argues that his age of 56 places him at high risk of contracting COVID-19. (Mot. at 1-2). Mr. Bright contends that his age and his underlying condition

of "being born with asthma" warrants a sentence reduction pursuant to the compassionate release provision of § 3582(c)(1)(A).

Mr. Bright's age, even in combination with his asthma, does not warrant a sentence reduction. USSG § 1B1.13 notes that age may qualify a defendant for relief if he is "(1) is at least 70 years old; (2) is experiencing "a serious deterioration in physical or mental health because of the aging process; and (3) has served at least 30 years of the sentence". U.S.S.G. § 1B1.13, cmt. n.1(B)-(1)(A)(III). Mr. Bright fails to meet any one of the three prongs of this comment, as he is 56 years old, is not experiencing a serious physical deterioration because of the aging process and has served little more than half of his sentence. Understanding that the policy statement is informative, but not binding under *Aruda*, Mr. Bright fails to otherwise convince the Court that his age of 56, in conjunction with his asthma, is a sufficiently extraordinary and compelling reason warranting relief, particularly in light of his refusal to vaccinate and the low rates of transmission at the facility. Accordingly, Mr. Bright's age is not a valid basis for relief under § 3582.

### c. Prison Conditions at FCI Victorville do Not Rise to the Level of an Extraordinary and Compelling Circumstance

Next, Mr. Bright contends that he is at heightened risk of contracting COVID-19 again because of prison conditions at FCI Victorville, and claims that he is witnessing deaths of other inmates related to COVID-19. (Mot. at 2). The Government argues that the BOP has made COVID-19 vaccinations and booster shots universally accessible to inmates and staff which has decreased infection rates. (Opp'n at 2). Referencing BOP's Coronavirus Webpage, the Government notes that on "May 12, 2022, BOP reports that 352,442 total doses of the vaccine have been distributed within its facilities, and 316,422 doses have been administered." (Opp'n at 2). As a result, BOP institutions report "zero or a handful" of active COVID-19-infected inmates. (*Id*).

First, this Court, and others, have consistently held that general concerns about the presence of COVID-19 does not create extraordinary and compelling reasons warranting relief. *See, e.g., United States v. Villarreal,* No. 8-CR-1332-JAH-1, 2022 WL 874965, at

*4 (S.D. Cal. 2022); *United States v. Eberhard*, 2020 WL 1450745, at *2 (N.D. Cal. 2020); *United States v. Barrett*, No. 16-CR-1831-BEN, 2022 WL 2079314, at *1 (S.D. Cal. 2022).

Second, the low rates of transmission and widespread vaccine access suggest that prison conditions in FCI Victorville, in conjunction with Defendant's condition, do not rise to the level of an extraordinary and compelling circumstance. *See, e.g., United States v. Oliver*, No. 21-50170, 2022 WL 4285598, at *2 (9th Cir. 2022) (affirming district court decision's denial, which reasoned that "COVID-19 was not widespread in Oliver's facility at the time and that the proliferation of the vaccine was expected to reduce the spread of the virus").

As such, the Court finds that the conditions in FCI Victorville are not independently or in conjunction with other factors an extraordinary or compelling reason warranting relief, especially in light of the low transmission rates and Defendant's refusal to accept the vaccine.

### d. Defendant's Prior Case of COVID is not an Extraordinary and Compelling Circumstance

Mr. Bright argues that his prior case of COVID-19 in conjunction with his health conditions constitutes an extraordinary and compelling circumstance. Other courts in this district have rejected similar claims. *See, e.g.*, *United States v. Miller*, No. 19CR2460 WQH, 2022 WL 1811381, at *1 (S.D. Cal. June 2, 2022). And as discussed above, transmission risk at FCI Victorville remains low and does not rise to the level of an extraordinary and compelling circumstance.

Moreover, the Government contends that Mr. Bright has refused to be vaccinated against COVID-19. (Opp'n at 11). While that fact is not independently dispositive, it does cut against relief. *See, e.g.*, *United States v. Gonzalez Zambrano*, No. 18-CR-2002-CJW-MAR, 2021 WL 248592, at *5 (N.D. Iowa 2021) (explaining that courts should not incentivize inmates to "manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them"); *United States v. Broadfield*, 5 F. 4th 801, 803 (7th Cir. 2021) ("a prisoner who remains at elevated

risk because he has declined to be vaccinated cannot plausibly characterize that risk as an extraordinary and compelling justification for release").

Given the conditions at FCI Victorville, Defendant's refusal to vaccinate, and the adequacy of care provided by the BOP with respect to Defendant's health conditions, the Court finds that Defendant's prior case of COVID, considered alone and in conjunction with his other conditions, does not rise to the level of an extraordinary and compelling circumstance.

Because Mr. Bright has failed to establish that extraordinary and compelling circumstances warrant reduction, the Court denies his request on that basis and declines to consider whether a reduction would be consistent with the 3553(a) factors.

### V.   CONCLUSION

For reasons set forth above, Mr. Bright's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 15, 2022

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE